Daniel Stanley SAITTA, Petitioner—
Appellant,

v.

Ernest ROE, Warden, Respondent—
Appellee.

No. 03–55961.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2005.

Decided Feb. 1, 2005.

Law Offices of Berley & DeVito, West Hills, CA, for Petitioner–Appellant.

Daniel Stanley Saitta, CSPS—California State Prison (Sacramento), Represa, CA, pro se.

Gary W. Schons, Kristine Alton Gutierrez, Agca—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: REINHARDT, CLIFTON, Circuit Judges and WEINER,* District Judge.

MEMORANDUM **

Petitioner Daniel Saitta appeals the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2254. We affirm.

Petitioner's habeas claim is governed by the Anti–Terrorism and Effective Death Penalty Act. *Rios v. Rocha*, 299 F.3d 796,

---

* The Honorable Charles R. Weiner, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

799 n. 4 (9th Cir.2002). Under AEDPA, a habeas petition cannot be granted unless the state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

In order to demonstrate ineffective assistance of counsel, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced Petitioner's defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner has failed to satisfy the second prong, so we need not consider the first.

█ Unlike other cases where this court has found ineffective assistance of counsel due to an attorney's failure to interview and subpoena alibi witnesses, *see, e.g., Luna v. Cambra,* 306 F.3d 954 (9th Cir. 2002), the case against Petitioner was strongly supported by the record. Consequently, in weighing the strong evidence implicating Petitioner against the proposed alibi testimony that only discussed Petitioner's whereabouts at the times the crimes occurred in general and conclusory terms, Petitioner has failed to show that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

█ In order to determine whether pre-indictment delay has violated an individual's due process rights, the Supreme Court has explained that "proof of prejudice is generally a necessary but not sufficient element ... and that the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused." *United States v. Lovasco,* 431 U.S. 783, 790, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). Petitioner has not satisfied this burden. His assertions that he suffered prejudice because a witness who could have provided exculpatory testimony died during the delay are merely speculative. Furthermore, the record contradicts Petitioner's arguments that this witness was the only individual who could have provided this alleged testimony or that this testimony would have produced a more favorable verdict for Petitioner.

AFFIRMED.

REINHARDT, J., dissenting.

I dissent. Counsel's failure to interview and subpoena alibi witnesses constituted deficient performance that prejudiced Saitta's defense, or at the least, entitled him to an evidentiary hearing. We have repeatedly recognized the critical role alibi testimony plays in causing a fact-finder to "entertain[ ] a reasonable doubt concerning guilt." *Luna v. Cambra,* 306 F.3d 954, 962 (9th Cir.2002); *Brown v. Myers,* 137 F.3d 1154, 1157 (9th Cir.1998). Although it is true that the affidavits presented by Saitta's alibi witnesses do not identify beyond any doubt Saitta's location at the precise times the burglaries occurred, this court has "previously found prejudice when counsel failed to investigate and present the testimony of alibi witnesses, even though their testimony was 'vague with regard to time.'" *See Luna v. Cambra,* 306 F.3d 954, 961 (9th Cir.2002) (quoting *Brown v. Myers,* 137 F.3d 1154, 1158 (9th Cir.1998)).

The more serious question is whether we are free to ignore counsel's deficient performance simply because the state presented strong circumstantial evidence of Saitta's guilt. According to the affidavits

submitted, three alibi witnesses would have testified for the defense. Two would have testified that Saitta was with them at the time of the crimes and was a considerable distance away from the town in which the burglaries occurred. The third would have testified that she did not give Saitta access to her car—the car allegedly used for the burglaries—on the days of the crimes. Having been confronted with such alibi testimony, a reasonable juror might well have entertained a reasonable doubt concerning Saitta's guilt. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In my view, the state court's conclusion to the contrary was an unreasonable application of *Strickland'*s governing legal principles. *See Wiggins v. Smith,* 539 U.S. 510, 527, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).